UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE | Bankruptcy Case No. 13-64160-fra7 |
| STAN STEVEN SEVRUK, JR., | |
| Debtor. | MEMORANDUM[1] |

Creditor Home Federal Bank has filed a motion (docket #7) seeking dismissal of this case on the grounds that the Debtor is precluded from seeking relief by Code § 109(g). Given the circumstances of the case, and the preceding case, the Court finds that the motion is well taken and that the current case must be dismissed.

## I. BACKGROUND

Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on March 13, 2013, under Case No. 13-60771. A plan of reorganization (docket #2) was filed along with the petition. The Trustee, the United States, and Home Federal Bank filed objections to confirmation (dockets #15, #16 and #17 respectively). Included in the Trustee's objection, and that of the United States, were motions to dismiss the case. In addition to an objection to confirmation, Citizen's Bank filed a motion seeking relief from the automatic stay (docket #11, filed April 8). A pre-confirmation amendment of the plan was filed on May 14 (docket #21). After several resets, a hearing on confirmation of the plan, as amended, and on Citizen's

---

[1] This Memorandum is not intended for publication.

Page 1 - MEMORANDUM

Bank's motion for relief was set for hearing on August 7, 2013.  At that time, after the case was called, the following colloquy took place:

> Court:  Chambers were advised, I think yesterday, by Debtor's attorney that Debtor is withdrawing from the proceeding and will consent to the Trustee's motion to dismiss, which I think...renders the Bank's motion moot. Is [Debtor's attorney] on the phone?
>
> [Debtor's attorney]:  I am your honor.
>
> Court:  Have I got my facts straight?
>
> [Debtor's attorney]:  Yes, that is correct.
>
> Court:  All right. The Trustee is not here and I assume he would be if dismissal was problematic, so unless there's something I'm missing...I think the case is ready to wrap up.
>
> [Home Federal Bank's attorney]:  I would agree.
>
> Court:  All right, I will accept what we've done so far as an oral motion to dismiss and I will advise the case administrator that the case should be dismissed right away.

An order of dismissal and administrative closure of the case was entered on August 7, 2013.  The order included a finding that dismissal was "based on the Debtor's oral motion and the Trustee's motion."

## II.  DISCUSSION

Code § 109(g) reads as follows:

> (g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if –
>
> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or
>
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by § 362 of this title.

Both clauses of Code § 109(g) are satisfied by the circumstances of this case.  The Debtor advised the Court the day before the confirmation hearing that he was not prepared to prosecute his confirmation case. At the time, Citizen's Bank's motion for relief from the automatic stay was still pending, and scheduled to be heard.  The Debtor did not object to the Court's characterization of his actions as a voluntary dismissal. Even without that characterization, a dismissal following the hearing described above could only otherwise be characterized as a dismissal for failure to prosecute.

Page 2 - MEMORANDUM

1    The above-captioned case was filed fewer than 180 days after the date the prior case was dismissed.
2    Since the Debtor was ineligible at the time the petition in this case was filed, the case must be dismissed
3    immediately. An order to that effect will be issued by the clerk.

                                            FRANK R. ALLEY, III
                                            Chief Bankruptcy Judge

Page 3 - MEMORANDUM